UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRICK E. DeBOSE,

    Plaintiff,

v.   CASE NO. 8:21-cv-416-KKM-TGW

EXPERIAN INFORMATION
SOLUTIONS,

    Defendants.

---

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his amended complaint which purportedly alleges violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (FCRA) (Doc. 3).[1] The plaintiff argues that the defendant "us[ed] unfair and inaccurate credit reporting practices" and was "not ... impartial" (id., p. 2). Because the pleading fails to state a cognizable claim, I recommend that the amended complaint be dismissed, with leave to file a second amended complaint.

---

[1] I prepared a report and recommendation that the original complaint be dismissed for failure to state a cognizable claim, but the plaintiff submitted an amended complaint before that recommendation was filed. The amended complaint contains additional allegations of wrongdoing.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). In order to state a claim for relief the complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The amended complaint is a nonsensical, disjointed document that fails to state a claim upon which relief may be granted. The amended complaint also does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which increases the difficulty in trying to make sense of it.

The plaintiff alleges first that the defendant "breached ... [his] right to privacy by sharing Plaintiff information without Plaintiff written consent," in violation of 15 U.S.C. 1681b(a) (Doc. 3, pp. 1, 3). This FCRA provision identifies the circumstances under which a "consumer reporting agency may furnish a consumer report." The plaintiff, citing to §1681b(a)(2), states that the defendant may furnish such a report "[i]n

2

accordance with the written instructions of the consumer," but that the defendant did not receive written instructions from the plaintiff to disclose his consumer report (Doc. 3, ¶¶13, 14). However, the plaintiff fails to acknowledge that there are several other circumstances under which the defendant may lawfully disclose a consumer report absent such instructions from the plaintiff. See §1681b(a)(1), (3)–(6). Therefore, the plaintiff's bald assertion that the defendant wrongly disclosed his consumer report because the defendant did not have written instructions from the plaintiff to do so does not state a violation of the FCRA. See Ashcroft v. Iqbal, supra, 556 U.S. at 678, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007) (A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

The plaintiff alleges further that the defendant committed fraud, in violation of 15 U.S.C. 1681a(q)(3) (Doc. 3, ¶¶15, 16). This provision is FCRA's definition for "identity theft." The plaintiff asserts, in a wholly conclusory manner, that the defendant "committed fraud ... by using Plaintiff[']s identifying information" (id., ¶16). The plaintiff states no meaningful factual basis for this allegation. See Ashcroft v. Iqbal, supra, 556 U.S. at 678. Furthermore, as stated above, the plaintiff's contention that

3

the defendant disclosed his consumer report does not, by itself, state a FCRA violation.

Next, the plaintiff asserts, vaguely, that the "Defendant has verified accounts without contacting or confirming with the person who the report is about" (Doc. 3, ¶19). As best as can be discerned, the plaintiff is alleging that the defendant did not properly investigate allegations of inaccuracies on his consumer credit report.

In this respect, the plaintiff attaches to the amended complaint documentation that a creditor closed one of his accounts due to non-payment, but that an Experian report states, erroneously, that the "account was closed at consumer's request" (Doc. 3-1, Ex. 2). The plaintiff argues, among other things, that the defendant "[n]ever verified ... [this information with] the consumer who the report is about" (id.). However, the plaintiff does not identify an applicable FCRA provision requiring the defendant to confer with him when investigating consumer reporting disputes.[2] If the plaintiff is contending that the defendant's verification of information with creditors is insufficient, and that the defendant was obligated to do more, the plaintiff must identify the specific actions the defendant purportedly failed to take,

---

[2] The plaintiff mentions in his exhibits (not in the amended complaint) 15 U.S.C. 1681a(e) (Doc. 3-1, Ex. 2), which defines "investigative consumer report." This provision does not govern disputes about the accuracy of a consumer report.

4

and the FCRA provision that obligated the defendant to do so.

Finally, the plaintiff, citing to subsections of 15 U.S.C. 1681a, argues that his consumer report contains information that "[s]hould be excluded" (Doc. 3, ¶¶31, 32). This argument does not make sense. Section 1681a lists FCRA's "Definitions, rules of construction." Specifically, the plaintiff cites to §§1681a(d)(2)(B), (C) which exclude certain documentation from the definition of "consumer report."[3] These provisions simply detail what is not a consumer report and, therefore, are not subject to FCRA consumer reporting requirements. These provisions do not, by themselves, state a private cause of action.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file a second amended complaint. See Troville v. Venz, 303

---

[3] Section 1681a(d)(2)(B) excludes "any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device." Section 1681a(d)(2)(C) excludes "any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the request was made and such person makes the disclosures to the consumer...."

5

F.3d 1256, 1261 n.5 (11th Cir. 2002) (1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH 31, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.