## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RODRICK E. DEBOSE,

    Plaintiff,

v.                                                  Case No. 8:21-cv-0416-KKM-TGW

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## **ORDER**

On April 1, 2021, the United States Magistrate Judge entered a Report and Recommendation (Doc. 4), recommending that Plaintiff Rodrick E. DeBose's Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). No objections were filed. Considering the record and the Magistrate Judge's Report and Recommendation, the Court accepts and adopts the Report and Recommendation (Doc. 4); denies Plaintiff's motion (Doc. 2); and dismisses Plaintiff's amended complaint without prejudice (Doc. 3).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific

objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. The Report and Recommendation recommends that Plaintiff's request to proceed *in forma pauperis* be denied because Plaintiff's amended complaint failed to state a claim. (Doc. 4 at 1–2); *see* 28 U.S.C. § 1915(e)(2)(B) (providing that, in a proceeding *in forma pauperis*, a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

Plaintiff attempts to allege a cause of action under the Fair Credit Reporting Act (FCRA). (Doc. 3 at 1). But Plaintiff only pleads conclusory allegations without alleging any underlying facts or connecting any allegations to the relevant statutory provisions. For example, Plaintiff states that Defendant's possession of Plaintiff's "personal information breaches [Plaintiff's] right to privacy" and that "Defendant shares Plaintiff['s] information which breaches [Plaintiff's] right to privacy" without alleging any underlying facts regarding how Defendant breached Plaintiff's right to privacy or

2

statutory support for why Defendant's conduct violated the FCRA. (Doc. 3 at 3). Plaintiff's amended complaint is riddled with such allegations, and it fails to state a claim for relief that is determinable and plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "mere conclusory statements" are insufficient to state a claim).

Accordingly, it is now **ORDERED**:

(1) The **Report** and **Recommendation** (Doc. 4) is **ACCEPTED** and **ADOPTED** and made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

(3) Plaintiff's amended complaint (Doc. 3) is **DISMISSED WITHOUT PREJUDICE** with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. The amended complaint, if any, is due by May 19, 2021. Failure to file an amended complaint by this deadline shall result in this action being closed without further notice.

**ORDERED** in Tampa, Florida, on April 20, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge