UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRICK E. DeBOSE,

    Plaintiff,

v.      CASE NO. 8:21-cv-416-KKM-TGW

EXPERIAN INFORMATION
SOLUTIONS,

    Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his lawsuit which purportedly alleges violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (FCRA) (Doc. 2).[1] The plaintiff has submitted a second amended complaint, which is his third iteration of this pleading. Because it contains the same deficiencies as the first amended complaint, I recommend that the second amended complaint be denied with prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing

_____

[1] The Motion to Proceed In Forma Pauperis was inadvertently denied (Doc. 5). It is being treated as active for the purposes of this Report and Recommendation. Therefore, the plaintiff's averments in the motion as to his financial status are accepted.

of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). In order to state a claim for relief, the complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend his complaint. Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, further opportunities to amend may be denied when an amendment would be futile.

Cornelius v. Bank of America, N.A., 585 Fed. Appx. 996, 1000 (11th Cir. 2014), citing Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). As the Eleventh Circuit has stated:

> [although] the court "should freely give leave when justice so requires" [under Fed.R.Civ.P. 15(a)(2)] .... justice does not require district courts to waste their time on hopeless cases, [and] leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (describing "futility" as a basis for denying leave).

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

## II.

The second amended complaint is the plaintiff's <u>third</u> iteration of his claims alleging that the defendant violated FCRA. Before the court completed its evaluation of the original complaint, the plaintiff submitted an amended complaint that was denied without prejudice for failure to state a cognizable claim and comply with the Federal Rules of Civil Procedure (Doc. 5). Several of the complaint's deficiencies were detailed for the plaintiff in the Report and Recommendation and this Court's Order, and he was afforded an opportunity to cure those deficiencies (Docs. 4, 5). However, the plaintiff's second amended complaint not only repeats the

3

same deficient claims (compare Doc. 6 with Doc. 3), but adds more baseless allegations of FCRA violations and incoherent ramblings.

The second amended complaint includes two counts and a "General Factual Allegations" section (Doc. 6, pp. 2, 4, 5). The "General Factual Allegations," which is incorporated in its entirety into both counts, asserts several "facts" which are not common to, and in some instances irrelevant to, both counts, and alleges conclusory assertions of other FCRA violations (see e.g., id. at pp. 3-4, ¶¶15, 16). Furthermore, Count II (which is four pages long) presents more than one discrete claim for relief, and it is replete with incoherent ramblings and irrelevant information (id., pp. 5-8), in violation of the Federal Rules of Civil Procedure. See Rules 8(a)(2), (d)(1), F.R.Civ.P. (A plaintiff is to plead "a short and plain statement of the claim showing that [he] is entitled to relief," and make "[e]ach allegation … simple, concise and direct.").

Pleadings with procedural deficiencies, such as the plaintiff's, are "shotgun complaints" that are routinely condemned by the Eleventh Circuit. See Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four types of shotgun complaints). A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading. Luft v. Citigroup Global Markets Realty Corp., 620 Fed.

4

Appx. 702, 704 (11th Cir. 2015). Additionally, complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or that do not separate each cause of action or claim for relief into a different count, are shotgun pleadings. Weiland v. Palm Beach County Sheriff's Office, supra, 792 F.3d at 1322-23. The second amended complaint clearly suffers from these deficiencies and, therefore, is an impermissible shotgun complaint.

Such complaints "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Jackson v. Bank of America, N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted). Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." Id. I therefore recommend that the second amended complaint be dismissed on this ground.

Furthermore, the second amended complaint fails to state a cognizable claim. The complaint, for the most part, merely reasserts claims that the court already found deficient. For example, count I repeats from the first amended complaint the plaintiff's baseless violation of privacy claim.

In this regard, the plaintiff asserts, vaguely, that the defendant

5

"shar[ed] Plaintiff['s] private identifying information and identifying location information" without "plaintiff['s] written consent," in violation of 15 U.S.C. 1681(a)(4), 1681b(a)(2). (Doc. 6, pp. 4-5, ¶¶22, 23).[2] However, the plaintiff has already been told that this allegation is insufficient to state a claim (Doc. 5, see Doc. 4, pp. 2-3). Specifically, the Report and Recommendation explains (Doc. 4, pp. 2-3):

> The plaintiff alleges ... that the defendant "breached ... [his] right to privacy by sharing Plaintiff information without Plaintiff written consent," in violation of 15 U.S.C. 1681b(a) (Doc. 3, pp. 1, 3). This FCRA provision identifies the circumstances under which a "consumer reporting agency may furnish a consumer report." The plaintiff, citing to §1681b(a)(2), states that the defendant may furnish such a report "[i]n accordance with the written instructions of the consumer," but that the defendant did not receive written instructions from the plaintiff to disclose his consumer report (Doc. 3, ¶¶13, 14). However, the plaintiff fails to acknowledge that there are several other circumstances under which the defendant may lawfully disclose a consumer report absent such instructions from the plaintiff. See §1681b(a)(1), (3)-(6). Therefore, the plaintiff's bald assertion that the defendant wrongly disclosed his consumer report because the

---

[2] The plaintiff also alleges violations of his right to privacy under Florida's Constitution and the Fourth Amendment of the United States Constitution (Doc. 6, p. 4, ¶22). However, "Florida's Constitutional right to privacy protects persons from governmental, not private, intrusion." State Farm Fla. Ins. Co. v. Chirino, 300 So.3d 1240, 1242 (Fla. App. 2020). Furthermore, "[a] search by a private person does not implicate the Fourth Amendment['s prohibition against unreasonable search and seizure] unless he acts as an instrument or agent of the government." United States v. Steiger, 318 F.3d 1039, 1045 (11th Cir. 2003).

>defendant did not have written instructions from the plaintiff to do so does not state a violation of the FCRA. See Ashcroft v. Iqbal, supra, 556 U.S. at 678, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007) (A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Furthermore, despite the court's direction, the plaintiff does not add any allegations to the second amended complaint that make this claim viable. Therefore, count I of the second amended complaint is appropriately dismissed for failure to state a cognizable claim.

Count II of the second amended complaint incorporates several discrete alleged FCRA violations, none of which is cognizable, and it is also replete with non-sensical ramblings (Doc. 6, pp. 5-8). Thus, Count II does not state a viable claim, either.

For example, the plaintiff reasserts his baseless allegation from count I that the defendant violated FCRA because it did not have written consent to share his credit report, adding that this alleged conduct constitutes "identity theft" (id., p. 5). A credit agency furnishing a credit report does not constitute identity theft. Furthermore, as discussed supra, pp. 6-7, the plaintiff is incorrect that written consent is a prerequisite for the defendant to lawfully furnish a credit report to a third party.

Additionally, the plaintiff asserts, vaguely, that "Defendant

7

does not have the capacity to state that a consumer [is] obligated or owes a debt to another" (Doc. 6, p. 6, ¶36, citing 15 U.S.C. 1692b(2); see also id., ¶33). The plaintiff, again, has misapprehended a FCRA provision.

Section 1692b states the obligations of debt collectors when "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." In this respect, the debt collector "may not state [to the third party] that such consumer owes any debt." §1692b(2). There are no factual allegations apparent in the second amended complaint showing a violation of this FCRA provision.

The plaintiff also argues that the defendant included in his credit report information that "should be excluded" under 15 USC 1681a(d)(2)(B), (C) (Doc. 6, p. 8, ¶¶50, 51). This contention is essentially repeated verbatim from the first amended complaint (compare id. with Doc. 3, ¶¶31, 32). The deficiencies of this claim were also previously explained to the plaintiff in the Report and Recommendation (Doc. 4, p. 5) (emphasis added):

> [T]he plaintiff, citing to subsections of 15 U.S.C. 1681a, argues that his consumer report contains information that "[s]hould be excluded" (Doc. 3, ¶¶31, 32). This argument does not make sense. Section 1681a lists FCRA's "Definitions, rules of construction." Specifically, the plaintiff cites to §§1681a(d)(2)(B), (C) which exclude certain documentation from the definition of "consumer

8

report."³ <u>These provisions simply detail what is not a consumer report</u> and, therefore, are not subject to FCRA consumer reporting requirements. These provisions do not, by themselves, [create] a private cause of action.

Moreover, the plaintiff inserts into count II incoherent assertions that further muddle his allegations. For example, he alleges: "Pursuant to 18 USC 8 states all indebtedness is of the United States" and "When Plaintiff states account has no value/or inaccurate it's not up to the Defendant who cannot speak tell Plaintiff what value is to the Plaintiff" (Doc. 6, ¶¶37, 45) (emphasis omitted). Additionally, the plaintiff creates non-sensical definitions for credit terms, such as "Accurate means value" and "Unfair means no equity," which also have no apparent relevance to his claims (id., ¶¶44, 46). Such assertions underscore the frivolousness of this complaint.

In sum, the second amended complaint fails to cure the deficiencies from the first amended complaint, of which the plaintiff was given fair notice in the Report and Recommendation and Order dismissing the first amended complaint (see Docs. 4, 5). Significantly, the plaintiff did

---

³For example, §1681a(d)(2)(B) excludes from the definition of "consumer report" an "authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device."

9

not file objections to the Report and Recommendation (see Doc. 5, p. 1), which "operate[s] as an acknowledgement of these defects." Jackson v. Bank of America, N.A., supra, 898 F.3d at 1358.

Since there is nothing to suggest that giving the plaintiff an opportunity to file a third amendment, i.e., a fourth complaint, will lead to a different result, I recommend that the second amended complaint be dismissed with prejudice. See id. at 1358; Mizzaro v. Home Depot, Inc., supra, 544 F.3d at 1255 ("[L]eave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

Respectfully submitted,

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 9, 2021.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.