UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRICK E. DEBOSE,

    Plaintiff,

v.                                            Case No. 8:21-cv-0416-KKM-TGW

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER

On July 9, 2021, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Rodrick E. DeBose's (Doc. 2) be denied and DeBose's second amended complaint (Doc. 6) be dismissed. (Doc. 7). The fourteen-day deadline for DeBose to object to the Magistrate Judge's Report and Recommendation has passed without DeBose lodging an objection. Considering the record, the Court accepts and adopts the Report and Recommendation for the reasons stated therein (Doc. 7); denies DeBose's Motion to Proceed *In Forma Pauperis* (Doc. 2); and dismisses DeBose's second amended complaint (Doc. 6).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court

must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. DeBose has filed three complaints in this case, and nothing suggests that additional amendments will cure the reoccurring deficiencies. Although DeBose attempts to allege a cause of action under the Fair Credit Reporting Act (FCRA), his complaint is riddled with conclusory statements devoid of underlying facts or statements connecting the allegations to the relevant statutory provisions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "mere conclusory statements" are insufficient to state a claim). In short, as explained by the Report and Recommendation, DeBose's second amended complaint remains a shotgun pleading and fails to sufficiently state a claim for relief.

Accordingly, it is now **ORDERED**:

(1) The **Report and Recommendation** (Doc. 7) is **ACCEPTED** and **ADOPTED** and made a part of this Order for all purposes, including appellate review.

(2) DeBose's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

(3) DeBose's second amended complaint (Doc. 6) is **DISMISSED**.

(4) The Clerk is directed to terminate any pending motions and to close this case.

**ORDERED** in Tampa, Florida, on August 10, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge